IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *
Petitioner *

vs. * CIVIL ACTION NO. MJG-05-3144

PATRICK MUHAMMAD *

Plaintiff *

* * * * * * * * *

MEMORANDUM AND ORDER RE EMERGENCY REQUEST

The Court has before it the Emergency Request to Vacate Illegal Order of Disbarment, [Paper 11], filed by Respondent[1] Patrick Muhammad. The Court has held a hearing and had the benefit of the arguments of counsel.

The facts pertinent to the instant motion can be concisely stated:

1. Since December 17, 2004, Respondent Patrick Muhammad has been the subject of a disciplinary proceeding initiated by Petitioner Attorney Grievance Commission of Maryland in the Maryland Court of Appeals. Attorney Grievance Comm'n of Maryland v. Muhammad, Misc. Docket AG No. 65 (Md. Sept. Term, 2004).

2. Upon referral from the Court of Appeals, the Circuit Court for Baltimore City held a hearing and issued proposed findings and conclusions.

3. On September 29, 2005, the Maryland Court of Appeals heard argument in the case.

[1] Mr. Muhammad identified himself as "petitioner" on the caption of the motion but is, in fact, Respondent in the case.

Case 1:06-cv-03444-CCB Document 1-1 Filed 12/27/06 Page 2 of 8

4. On November 17, 2005, Mr. Muhammad filed a "Removal of Above Captioned Action Pursuant to 28 U.S.C. 1441-3," [Paper 1], removing the instant case to federal court.

5. On December 14, 2005, the Maryland Court of Appeals filed its decision disbarring Mr. Muhammad.

6. On December 20, 2005, the Attorney Grievance Commission filed a Motion to Remand, [Paper 10], that is being briefed and will be resolved in due course.

7. On December 21, 2005, Respondent filed the instant motion.

8. On December 29, 2005, the Court set a hearing for December 30, 2005 on the instant motion and issued a Letter Order regarding the matters to be addressed at the hearing.

9. On December 30, 2005, prior to the hearing on the instant motion, the Maryland Court of Appeals issued an Order staying the effect of its December 14, 2005 Order disbarring Respondent.

10. The Court has been advised by a letter from Petitioner's counsel, Exhibit A hereto, that the Maryland Court of Appeals is taking steps to seal its December 14, 2005 Decision and Order.

In the Fourth Circuit, it has been established since South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir. 1971),[2] that the

---

[2] As stated in Holmes v. AC&S, Inc., 388 F. Supp. 2d 663, 667 (E.D.Va. 2004), "the filing of a notice of removal in the state court terminates the state court's jurisdiction over the matter. This loss of jurisdiction is effective immediately upon the filing of the notice of removal in both the federal and state court. . . . Once the notice of removal has been effectively filed in both courts, the federal court takes the case in the

filing of a notice of removal of a state court case[3] results in the immediate loss of state court jurisdiction.[4] Any action purportedly taken by the state court thereafter, unless and until the case is remanded, is void. Indeed, in Moore, a South Carolina homicide prosecution, the defendant filed a notice of removal on the eve of trial. The state court proceeded with the trial, the defendant was convicted and sentenced to three years of imprisonment. Id. at 1069. The Fourth Circuit held that the notice of removal was not valid so that the case had to be remanded. The Fourth Circuit held, however, that even though there had not been a proper removal, the state court trial as void, the conviction was a nullity, the defendant had to be released from prison and the state could, if it wished, retry him for homicide. Id. at 1073-74.

In the Moore decision, Judge Haynsworth noted that the Fourth Circuit's construction of 28 U.S.C. § 1446 "makes it

---

posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court." (Citations omitted.)

[3] The notice must be filed in both state and federal court.

[4] Section 1446(d) of 28 U.S.C. provides that when a removal petition is filed in the district court, a copy is filed with the clerk of the state court and the adverse parties notified, those acts "shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

susceptible to substantial abuse by individuals seeking to interrupt or delay state trials." Id. at 1074. Nevertheless, the solution was for the legislature to make.

The Court notes that there is a judicial view contrary to that of the Fourth Circuit. In Bell v. Burlington Northern Railroad Co., 738 P.2d 949 (Okla. Civ. App. 1986), cert. denied, 482 U.S. 919 (1987), the defense filed a notice of removal during a jury trial and asserted to the state trial court that it had lost jurisdiction by virtue of the notice. The state court proceeded with the trial that resulted in a verdict against the defense. On appeal, the Court of Appeals of Oklahoma decided that the removal statute did not contemplate removal after trial has commenced in a state court. Thus, the Oklahoma court stated:

> We hold, therefore, that the proceedings and judgment rendered in this case after the removal petition was filed were not void and their validity became unchallengeable upon it being determined that the federal court never acquired jurisdiction of the lawsuit . . . .

Id. at 956.

The United States Supreme Court denied certiorari in the Bell case, but in his dissent from the denial, Justice White stated:

> The decision below conflicts with cases holding that when a case has been removed to federal court the state court lacks jurisdiction to act until the case is

> remanded. See, e.g., South Carolina v. Moore, 447 F.2d 1067, 1072-1074 (CA4 1971); Mississippi Power Co. v. Luter, 336 So.2d 753, 755 (Miss. 1976). I would grant certiorari to resolve this conflict.

Apparently, there has been no resolution of the conflict recognized in 1987.

Although there are two conflicting views as to whether actions taken by a state court after notice of removal are void or voidable, the Court is required to follow the United States Court of Appeals for the Fourth Circuit.[5] In so doing, the Court notes the statement of the Oklahoma Court of Appeals:

> [I]f, upon the filing of a petition for removal, the state court ipso facto loses all jurisdiction and it is later determined that the federal court has no jurisdiction then we have the anomalous phenomenon of litigants being cast into a judicial netherland, the existence of an action suspended in a jurisdictionless void, a lawsuit in limbo as it were, where it is possible to remain indefinitely if the federal court chooses not to act.

Bell, 738 P.2d at 954-55.

---

[5] The Court notes, however, that Petitioner or the Maryland Court of Appeals could, quite reasonably, take a position in line with the Oklahoma Court of Appeals and seek to persuade the Fourth Circuit to revise its holding in Moore or seek a resolution of the matter by the Supreme Court as suggested by Justice White.

The Court will, therefore, resolve the pending remand motion without undue delay. Nevertheless, the Court must address the issues raised by Respondent.

Respondent denies that the Maryland Court of Appeals now has jurisdiction to take any action in the case - even to stay the December 14, 2005 Order. Respondent contends that the December 14, 2005 Order was issued without jurisdiction, was void ab initio, and that the issuance of the void Order has material significance. The Court of Appeals' December 30, 2005 stay of its December 14, 2005 Order is understood by this Court and by Petitioner's counsel to enable Respondent to practice law as a member of the Maryland Bar subject to further Orders.

Under Fourth Circuit precedent, the Maryland Court of Appeals had no jurisdiction to issue its December 14, 2005 disbarment Order. Insofar as this Court has authority to act, that Order is void and of no force and effect whatsoever. Thus, insofar as this Court's holding has effect, Respondent was not disbarred on December 14, 2005 and is therefore still able to practice law as a member of the Maryland Bar.

This Court is not now addressing the merits, vel non, of Respondent's contentions regarding the effect (if any) of the issuance of the December 14, 2005. The Court notes, however, that Respondent contends that, among other things, the issuance

of the Order caused him to lose the ability to practice law during the time when the Order was in effect, made public matters that should not (at least as of December 14, 2005) have been made public and may have significance in regard to the ultimate resolution of the underlying disciplinary proceedings.

Ths Court finds itself required, by Moore, to agree with Respondent that the December 14, 2005 disbarment Order was void and a nullity - ab initio. The Court will, therefore, take such action as it believes proper in the circumstances presented to render the said Order void -ab initio.

For the foregoing reasons:

1. This case shall proceed on the basis that any Order issued by the state court in Attorney Grievance Commission of Maryland v. Muhammad, Misc. Docket AG No. 65 (Md. Sept. Term, 2004) after the notice of removal was filed in state and federal courts is null and void ab initio.

2. The Maryland Court of Appeals Order of December 14, 2005 purporting to disbar Petitioner is null and void ab initio.

3. This Court shall take no action in reliance upon the Maryland Court of Appeals Order of December 14, 2005.

4. This Court shall seal the file in 05-MC-0484, a Miscellaneous file in which the Maryland Court of Appeals Order of December 14, 2005 is of record.[6]

---

[6] As noted above, the Maryland Court of Appeals is taking steps to seal the Order on its own records.

5. The Clerk shall provide the Admission and Disciplinary Committee of this Court with a copy of this Order so that there shall be no proceeding therein based upon the Maryland Court of Appeals Order of December 14, 2005.

6. In the event the Maryland Court of Appeals does not place under seal such documents as were placed on the public record by virtue of the December 14, 2005 Order, the Court will consider providing further relief hereunder.

7. Plaintiff may file a response to the pending remand motion by January 15, 2006 and Petitioner may file a reply by January 27, 2006.

SO ORDERED, on Friday, December 30, 2005.

/ s /
Marvin J. Garbis
United States District Judge